MANUEL PÉREZ PÉREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

No. 919.—*Sometido:* Febrero 28, 1934. *Resuelto:* Mayo 31, 1934.

*Monserrat & Monserrat,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Pedro U. Rodríguez embargó una finca de la propiedad de Armanda Miranda y anotó dicho embargo en el Registro de la Propiedad. Esta anotación la obtuvo Rodríguez en una acción en cobro de pesos dirigida contra Laura Rodríguez y su fiadora Armanda Miranda, dueña de la finca en cuestión. Adjudicada la finca a Rodríguez en ejecución de sentencia, éste la vendió más tarde al recurrente Manuel Pérez y Pérez a quien había sido hipotecada por su antigua dueña Armanda Miranda.

Solicitó Pérez la cancelación del embargo anotado, que fué denegada por el registrador, basándose en que Pedro U. Rodríguez no ha prestado su consentimiento ni se ha seguido el debido procedimiento de ley.

Arguye el recurrente que la finca fué adjudicada a Pedro U. Rodríguez, acreedor embargante, y que habiendo quedado confundidos los derechos de acreedor y dueño, el registrador incurrió en error al no cancelar por confusión la anotación de embargo que pesa sobre la finca. Entiende el registrador que una anotación hecha en virtud de un mandamiento judicial no puede cancelarse, estando vigente, por solicitarlo así un tercer dueño de la finca.

■■ Es regla general que las anotaciones preventivas practicadas en virtud de providencia judicial, sólo pueden ser canceladas en virtud de otra providencia de la misma índole. Esta regla, sin embargo, no puede ser tan severa e inflexible que impida la cancelación en ciertos y determinados casos.

Dice Morell en el tomo tercero, páginas 524 y 525 de su obra sobre "Legislación Hipotecaria":

"¿Son inflexibles todas estas reglas generales? ¿No podrá cancelarse una anotación judicial en caso alguno sin orden del Juez? Se embargó, por ejemplo, un derecho de usufructo, un derecho de retraer, una plantación de vides, y muere el usufructuario, no se ejercita el derecho de retraer ni por el vendedor ni por el acreedor, termina el plazo del arrendamiento o del establecimiento a primeras cepas, o se acredita la muerte de las vides. ¿Podrá cancelarse la anotación de embargo sin orden judicial? A nuestro juicio, podrá y deberá practicarse la cancelación sin necesidad de ese requisito,

pues así resulta autorizado por los artículos 78 al 80 de la ley, aplicables por igual a las anotaciones preventivas que a las inscripciones. Falta la base, falta el derecho que se embargó y anotó, y la anotación se derrumba, cae por sí sola a tierra por falta de cimiento, con completa independencia de la voluntad de los interesados y de la voluntad del Juez.

"La anotación de embargo de un crédito hipotecario, dice la Resolución de 25 de enero de 1882, no puede ser obstáculo para la cancelación de la hipoteca por el acreedor cuando el deudor realiza el pago, y ni la anotación se hizo con consentimiento del primitivo deudor, ni se prohibió a éste que pagase el crédito sin intervención del juzgado.

"No es dudosa la aplicación a las anotaciones de la Real orden de 10 de diciembre de 1883, cuando vendida o adjudicada la finca a instancia de un acreedor no existe sobrante para pagar a los acreedores posteriores, o ese sobrante se consigna a su disposición, aunque sea necesario que la cancelación se ordene con arreglo a lo preceptuado en la última parte del núm. 2º del art. 151 del reglamento. Véase el comentario de los artículos 82, 83 y 131.

"¿Procederá la cancelación sin providencia judicial en el caso de confusión de derechos? Veamos el caso más frecuente. A hipoteca una finca en favor de B, quien por falta de pago entabla juicio ejecutivo, embargándose la finca y anotándose el embargo en el Registro. El acreedor adquiere el inmueble bien por adjudicación en pago, bien por compra en la subasta. Se refunden, pues, o se confunden en su persona los caracteres de deudor y acreedor, los de anotante y los de propietario del derecho anotado. La hipoteca se cancela por confusión, queda extinguida de hecho y de derecho, independientemente de toda voluntad, ¿deberá subsistir la anotación hasta que el Juez mande cancelarla? Suele así practicarse en los Registros y subsistir de ese modo, indefinidamente a veces, anotaciones o cargas que no existen en la realidad. Cuando la confusión o consolidación de derechos sea absoluta, completa e indudable, no encontramos razón bastante para no cancelar la anotación del embargo, como se cancela la inscripción de la hipoteca, aunque los interesados no expresen su consentimiento ni el juez lo ordene. Es un hecho necesario y fatal. ¿Será un obstáculo el crédito asegurado por razón de costas? No; porque la anotación se extiende, no a favor del juzgado, sino a favor del acreedor, y es éste y no aquél quien trata de asegurar su reintegro. No vemos, por consiguiente, razón alguna seria que impida cancelar la anotación en virtud de confusión."

En el presente caso Pedro U. Rodríguez obtuvo por adjudicación la misma finca sobre la cual había anotado un embargo, e inscribió su título en el registro de la propiedad. Así afirmó su derecho el acreedor embargante, pasando del derecho anotado al derecho inscrito, de la nota a la inscripción. La adquisición de la finca y su inscripción en el registro tienen el alcance de una confusión de derecho, por haberse vinculado en una misma persona los derechos de acreedor y dueño, de anotante y propietario del inmueble embargado. La providencia judicial no debe ser necesaria en este caso específico para que se practique la cancelación. No hay posibilidad alguna de que pueda perjudicarse a un tercero. La misma persona que anotó el embargo adquirió la finca y la vendió luego al recurrente. La anotación, aun cuando permanezca en el registro, resulta inofensiva y a nadie puede perjudicar; pero el recurrente tiene derecho a hacerla desaparecer y, si éste es su deseo, no hay razón alguna para dejar incumplida la mera ritualidad de la cancelación.

*Debe revocarse la nota recurrida.*